Clark J. Burnham, CASB No. 041792
Elizabeth C. Kim, CASB No. 225550
Eva P. Kwan, CASB No. 246034
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California  94612
Telephone:     (510) 444-6800
Facsimile:     (510) 835-6666
Email: cburnham@burnhambrown.com
          lkim@burnhambrown.com
          ekwan@burnhambrown.com

Attorneys for Defendant
NIC INSURANCE COMPANY
(incorrectly sued as NAVIGATORS
INSURANCE COMPANY)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMPSON PACIFIC CONSTRUCTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> NAVIGATORS INSURANCE COMPANY; and DOES 1 through 50, inclusive, <br><br> Defendants. | No. C07-02641 CRB <br><br> **DEFENDANT NIC INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** <br><br> Complaint Filed:  April 13, 2007 |

Defendant NIC INSURANCE COMPANY (incorrectly sued as NAVIGATORS INSURANCE COMPANY) ("NIC" or "DEFENDANT") answers Plaintiff THOMPSON PACIFIC CONSTRUCTION, INC.'s  ("THOMPSON" or "PLAINTIFF") Judgment Creditor's Complaint for Damages Pursuant to Insurance Code Section 11580(b)(2) and Declaratory Relief ("PLAINTIFF's Complaint") as follows:

## I.    ANSWER
### GENERAL ALLEGATIONS

1.     DEFENDANT admits PLAINTIFF has conducted business in California.

1. DEFENDANT further admits, upon information and belief, that PLAINTIFF is a corporation organized and existing under the laws of the state of California, having its principal place of United States business in San Rafael, California.  DEFENDANT is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 1 of PLAINTIFF's Complaint, and therefore denies them.

2. DEFENDANT admits that it is an insurer which does business in California, including Alameda County.  DEFENDANT further admits that it has its principal place of business in Rye Brook, New York.  DEFENDANT further admits that it is a non-admitted or surplus lines insurer in the state of California.

3. The allegations in Paragraph 3 of PLAINTIFF's Complaint are not addressed to NIC, and therefore, do not require a response by this DEFENDANT.  To the extent a response is required, DEFENDANT denies each and every allegation in Paragraph 3 of PLAINTIFF's Complaint.

4. Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 4 as they relate to other defendants, and therefore denies them.  DEFENDANT denies each and every remaining allegation in Paragraph 4 of PLAINTIFF's Complaint.

**The Underlying Construction Project and Litigation**

5. DEFENDANT admits that PLAINTIFF is a general contractor.  DEFENDANT further admits that PLAINTIFF entered into a subcontract with Jim Bird Construction, Inc. ("Jim Bird") in 2002.  DEFENDANT further admits that DEFENDANT issued a policy of insurance to Jim Bird.  DEFENDANT lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 5 of PLAINTIFF's Complaint, and therefore denies them.

6. DEFENDANT admits that PLAINTIFF sued Jim Bird in Sacramento Superior Court, Case No. 03AS03633.  DEFENDANT further admits that the litigation between PLAINTIFF and Jim Bird ended in a settlement agreement and final judgment in the amount of $1,000,000, entered in the Sacramento Superior Court on April 20, 2006.  DEFENDANT admits that the document attached as Exhibit A is a copy of the judgment.  Except as expressly admitted, DEFENDANT denies each and every remaining allegation in Paragraph 6 of

PLAINTIFF's Complaint.

### Judgment Creditor of Jim Bird

7.      DEFENDANT admits that, pursuant to California Insurance Code section 11580(b)(2), PLAINTIFF sues DEFENDANT as a judgment creditor of Jim Bird. DEFENDANT further admits that it issued a policy of insurance to Jim Bird dba Jim Bird Construction.  DEFENDANT further admits that PLAINTIFF seeks to recover damages in the amount of $1,000,000.  Except as expressly admitted, DEFENDANT denies each and every remaining allegation in Paragraph 7 of PLAINTIFF's Complaint.

8.      DEFENDANT admits that PLAINTIFF is a judgment creditor and is entitled to recover its judgment from DEFENDANT, but only to the extent coverage would have been available to Jim Bird, if any.  NIC further admits that is issued to Jim Bird liability policy number GS102262, effective September 26, 2001, to September 26, 2002, and policy number GS204831, effective September 26, 2002, to September 26, 2003.  Except as expressly admitted, DEFENDANT denies each and every allegation in Paragraph 8.

9.      DEFENDANT admits that it executed the settlement agreement.  DEFENDANT further admits that policy number GS204831 issued to Jim Bird contains a requirement for PLAINTIFF's legal action against DEFENDANT, as quoted in Paragraph 9 of PLAINTIFF's Complaint.  Except as expressly admitted, DEFENDANT denies each and every allegation in Paragraph 9 of PLAINTIFF's Complaint.

10.     DEFENDANT admits that it reviewed the settlement agreement and approved of and agreed to its terms, including the language quoted in Paragraph 10 of PLAINTIFF's Complaint.

### The Navigators' Policies Issued to Jim Bird

11.     DEFENDANT admits that NIC issued commercial general liability insurance, policy number GS102262, effective September 26, 2001, to September 26, 2002; and policy number GS204831, effective from September 26, 2002, to September 26, 2003, to Jim Bird, and that the policies provide limits of $2,000,000 General Aggregate Limit (Other than Products—Completed Operations), $2,000,000 Products—Completed Operations Aggregate Limit and

$1,000,000 Each Occurrence Limit. DEFENDANT further admits that the policies provide coverage for "property damage" and completed operations, subject to other terms, conditions, and exclusions in the policies. DEFENDANT admits that Exhibit B contains portions of the DEFENDANT's policy number GS204831. Except as expressly admitted, DEFENDANT denies each and every allegation in Paragraph 11 of PLAINTIFF's Complaint.

12. DEFENDANT admits that the insuring agreement in the policies provide that DEFENDANT will pay those sums Jim Bird becomes legally obligated to pay because of "property damage" to which the insurance applies. Except as expressly admitted, DEFENDANT denies each and every allegation in Paragraph 12 of PLAINTIFF's Complaint.

13. DEFENDANT admits that the policies define "property damage" as quoted in Paragraph 13 of PLAINTIFF's Complaint. Except as expressly admitted, DEFENDANT denies each and every allegation in Paragraph 13 of PLAINTIFF's Complaint.

14. DEFENDANT admits that, Thompson Pacific, as judgment creditor, is entitled to recover under the NIC policies, but only to the extent there is coverage for the liability of Jim Bird. Defendant further admits that its policies provide coverage for "property damage," subject to other terms, conditions, and exclusions in the policies. Except as expressly admitted, DEFENDANT denies each and every allegation of Paragraph 14 of PLAINTIFF's Complaint.

**FIRST CAUSE OF ACTION FOR RECOVERY UNDER INSURANCE CODE SECTION 11580 OF THE CALIFORNIA INSURANCE CODE**

15. DEFENDANT incorporates by reference and re-alleges here paragraphs 1 through 14 above.

16. DEFENDANT admits that an actual controversy has arisen and now exists between PLAINTIFF and DEFENDANT regarding the amount owed by DEFENDANT under the policies of insurance issued to Jim Bird, if any. DEFENDANT further admits that PLAINTIFF contends that there is in excess of $1,000,000 of potentially covered "property damage," including covered loss of use, owed under the settlement agreement between PLAINTIFF and DEFENDANT. Except as expressly admitted, DEFENDANT denies each and every allegation in Paragraph 16 of PLAINTIFF's Complaint.

17. DEFENDANT admits that it disputes PLAINTIFF's contention.

18. DEFENDANT admits that PLAINTIFF desires a judicial determination of the amounts owed by DEFENDANT under the policies of insurance and under the agreement between PLAINTIFF, Jim Bird, and DEFENDANT, up to the amount of $1,000,000.  Except as expressly admitted, DEFENDANT denies each and every allegation in Paragraph 18 of PLAINTIFF's Complaint.

### SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF

19. DEFENDANT incorporates by reference and re-alleges here paragraphs 1 through 18 above.

20. DEFENDANT admits that an actual controversy has arisen and now exists between PLAINTIFF and DEFENDANT regarding their respective rights and obligations under DEFENDANT's policies issued to Jim Bird.  DEFENDANT further admits that PLAINTIFF contends the NAVIGATORS' policies cover the damages claimed to have been sustained by PLAINTIFF in the amount of $1,000,000.  Except as expressly admitted, DEFENDANT denies each and every allegation in Paragraph 20 of PLAINTIFF's Complaint.

21. DEFENDANT admits that it disputes PLAINTIFF's contention.

22. DEFENDANT admits that PLAINTIFF desires a judicial determination and declaration of PLAINTIFF's and DEFENDANT's respective rights and duties under the insurance policies.  DEFENDANT further admits that PLAINTIFF specifically desires a judicial determination and declaration that PLAINTIFF is entitled to recover the full amount of the judgment entered in Sacramento Superior Court Action No. 03AS03633.  Except as expressly admitted, DEFENDANT denies each and every allegation of Paragraph 22 of PLAINTIFF's Complaint.

### II.   AFFIRMATIVE DEFENSES

DEFENDANT alleges the following as further and separate affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State Cause of Action)

PLAINTIFF's Complaint fails to state a cause of action against DEFENDANT upon

which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

**(Policy Terms, Definitions, Exclusions, Conditions and Limitations)**

The claims in PLAINTIFF's Complaint are barred to the extent that the causes of action alleged against the DEFENDANT are barred, in whole or in part, by the terms, conditions, exclusions and limitations contained in any policy of insurance issued by DEFENDANT.

## THIRD AFFIRMATIVE DEFENSE

**(Waiver, Estoppel, Laches, and Unclean Hands)**

PLAINTIFF's claims may be barred by the doctrines of waiver, estoppel, laches, and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

DEFENDANT is informed and believes, and thereon alleges, that PLAINTIFF's Complaint may be barred by the applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

**(Coverage Limited to Insureds)**

DEFENDANT's insurance policies provide coverage solely to those persons or entities specifically named or otherwise qualifying as insureds under the subject policies and solely for those liabilities set forth in the policies.  To the extent coverage is sought for the liabilities of persons or entities not named or otherwise qualifying as insureds under any of DEFENDANT's insurance policies for the claims alleged in PLAINTIFF's Complaint, these claims are barred.

## SIXTH AFFIRMATIVE DEFENSE

**(Recovery Must Be Reduced By Amounts Collected From Other Entities)**

To the extent PLAINTIFF is entitled to any recovery from DEFENDANT, such recovery must be reduced by amounts collected from any other person, insurer, or entity.

## SEVENTH AFFIRMATIVE DEFENSE

**(Reservation as to Additional Defenses)**

DEFENDANT presently has insufficient knowledge or information on which to form a

belief as to whether it may have additional, as yet unstated, defenses available. DEFENDANT reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

### III.   PRAYER

WHEREFORE, DEFENDANT prays that judgment be entered as follows:

1. That the Complaint against DEFENDANT be dismissed in its entirety and that PLAINTIFF take nothing as against DEFENDANT;

2. That this Court enter judgment in favor of DEFENDANT and declare that DEFENDANT has no obligation to defend or indemnify its insured in connection with the Sacramento Superior Court Action No. 03AS03633, as alleged in PLAINTIFF's Complaint;

3. That this Court enter judgment in favor of DEFENDANT and declare that, because DEFENDANT has no obligation to indemnify its insured in connection with the Sacramento Superior Court Action No. 03AS03633, DEFENDANT also has no liability to PLAINTIFF;

4. That this Court enter judgment declaring that, to the extent DEFENDANT has any obligation to PLAINTIFF, such obligation is limited by and subject to the terms, conditions, exclusions, limitations of liability and other provisions contained in or incorporated into any applicable insurance policy issued by DEFENDANT;

5. That Defendant be awarded fees and costs to the full extent allowable; and

6. For such other and further relief as the Court deems just and proper.

DATED:  June 20, 2007                              BURNHAM BROWN

                                                 __/ s / Eva P. Kwan_____
                                                 EVA P. KWAN
                                                 Attorneys for Defendant
                                                 NIC INSURANCE COMPANY

807705