1  ROBERT J. ROMERO (SBN: 136539)
2  MERLE J. PANICK (SBN: 124731)
   HINSHAW & CULBERTSON LLP
3  One California Street
   18th Floor
4  San Francisco, CA 94111
   Telephone:     415-362-6000
5  Facsimile:     415-834-9070
   rromero@hinshawlaw.com
6  mpanick@hinshawlaw.com

7
   Attorneys for Plaintiff
8  THOMPSON PACIFIC CONSTRUCTION

9

10              **UNITED STATES DISTRICT COURT**

11             **NORTHERN DISTRICT OF CALIFORNIA**

12                 **SAN FRANCISCO DIVISION**

13
   THOMPSON PACIFIC CONSTRUCTION,     ) **Case No:  C 07-02641 CRB**
14 INC.                               )
                                      ) **JOINT CASE MANAGEMENT**
15           Plaintiff,               ) **CONFERENCE STATEMENT**
                                      )
16      vs.                           ) **Date:   September 21, 2007**
                                      ) **Time: 8:30 a.m.**
17 NAVIGATORS INSURANCE COMPANY;      ) **Dept.: 6**
18 and DOES 1 through 50, inclusive,  )  The Honorable Charles Breyer
                                      )
19           Defendants.              )
                                      )
20                                    ) Complaint Filed:     April 13, 2007
                                      )
21 _____

22        Plaintiff Thompson Pacific Construction, Inc. and defendant NIC Insurance

23 Company (incorrectly sued as Navigators Insurance Company) hereby submit this Joint

24 Case Management Conference Statement.  Thompson Pacific Construction initially filed

25 this insurance coverage lawsuit, pursuant to California Insurance Code section 11580, in

26 Alameda County Superior Court.

27

28
                                      1

1    The parties voluntarily agreed to proceed with private mediation.  An all day
2    mediation took place on August 29, 2007 with Michael Timpane of Timpane ADR acting
3    as private mediator.  Mr. Timpane is still continuing to work with the parties in an effort
4    to resolve this matter.

5    **1.    Jurisdiction and Service:**

6    NIC Insurance Company removed the action to this Court on the basis of diversity
7    jurisdiction.  The amount in controversy exceeds this Court's $75,000 minimum
8    jurisdictional requirement.   Counsel for NIC Insurance Company has accepted service.
9    There are no other parties in this action.

10    **2.    Brief Description of Claims and Defenses:**

11    This is an insurance coverage dispute which is proceeding under California
12    Insurance Code section 11580.  Defendant NIC Insurance Company insured Jim Bird
13    Construction, Inc., an underground pipeline subcontractor.  Thompson  Pacific retained
14    Jim Bird to work on the Monterey trail project in Elk Grove, California.  The contract,
15    executed on April 1, 2002, called for installation of water lines, gas lines, fire water lines
16    and sewer lines.  Problems arose.  Jim Bird essentially abandoned its work.

17    Thompson Pacific sued Jim Bird in Sacramento County Superior Court.  The
18    settlement included a stipulation from NIC that Thompson Pacific could proceed against
19    it, pursuant to California Insurance Code section 11580, to recover the extent to which
20    the settlement may be covered by the NIC policy, if any.

21    After Jim Bird abandoned and in an attempt to put the work to its intended use,
22    Thompson Pacific discovered a multitude of problems, allegedly resulting in both repairs
23    to Jim Bird's poor work and third party property damage.  Because of the length of time
24    required to complete, Thompson Pacific also claims a significant loss of use claim.
25    Thompson Pacific has agreed that its recovery is limited, at most,  to the $1 million NIC
26    policy limits.

27

28

2

1    **3.    Legal Issues:**

2    The NIC policy is written on the standard ISO form CG001(7/98) which include

3    "products - - completed operations" coverage.  The policy includes the standard

4    definition of "property damage" as well as the standard property exclusions.  Thompson

5    Pacific recognizes that the NIC policy is not a performance bond for its insured's poor

6    work.  However, Thompson Pacific takes the position there is significant third party

7    property damage, including loss of use which is recoverable under the NIC policy.  NIC

8    disagrees, asserting a variety of coverage defenses, including the lack of covered property

9    damage, the application of the "your work" and/or "your product" exclusions, and

10   subsidence exclusion.

11   **4.    Motions:**

12   There are no pending or prior motions.   Summary judgment motions are

13   anticipated should the matter not resolve.

14   **5.    Amendment of Pleadings:**

15   No amendments are contemplated at this time.

16   **6.    Evidence Preservation:**

17   Thompson Pacific provided voluminous documentation in the underlying action.

18   Those materials are available for additional review along with additional documents

19   recently provided.  The parties do not contemplate use of e mails, etc. as the matter is

20   proceeding pursuant to stipulation, attached as an exhibit to the complaint.

21   **7.    Disclosures:**

22   The parties are in the process of preparing initial disclosures in the event the

23   matter does not resolve.

24   **8.    Discovery:**

25   There has not been any formal discovery to date.  Thompson Pacific has provided

26   back up documentation to support its damage claims.  Some further document

27   productions are contemplated.  If the matter does not resolve, depositions of percipient

28

1 | witnesses and experts may be undertaken.

2 | **9.    Class Action:**

3 | This is not a class action.

4 | **10.    Related Cases:**

5 | Judgment has been entered against Jim Bird, the NIC insured, in the underlying

6 | Sacramento County Superior Court liability lawsuit.  There are no other pending related

7 | cases.

8 | **11.    Relief:**

9 | Thompson Pacific seeks damages up to the NIC $1,000,000 policy limits, as

10 | stipulated to by the parties.  Thompson Pacific takes the position the damages are

11 | supported by Thompson Pacific's records and documents reflecting recoverable sums

12 | under the NIC policy issued to Jim Bird.

13 | **12.    Settlement and ADR:**

14 | As noted, the parties mediated this matter on August 29, 2007.  The mediator,

15 | Michael Timpane, is still working with the parties in an attempt to resolve this matter.

16 | After the August 29 mediation, Thompson Pacific provided additional documentation to

17 | support its claims and has offered to meet with defendant's construction consultant to

18 | explain the documents and/or respond to questions.  NIC has not yet responded to this

19 | offer.  NIC has recently requested additional information in order to evaluate the

20 | settlement.  Thompson Pacific's response will be provided shortly in the event it is not

21 | provided prior to this case management conference.

22 | **13.    Consent to Magistrate Judge For All Purposes:**

23 | Thompson Pacific did not consent to a Magistrate Judge for all purposes and the

24 | matter was reassigned to this Court.

25 | **14.    Other References:**

26 | There are no other references anticipated at this time.

27 |

28 |

**15.    Narrowing of Issues:**

The dispute here is primarily the amount of recoverable damage. Should the matter proceed to trial, it may be possible to proceed on stipulated facts as set forth in the stipulation attached to the complaint and as may be further agreed by the parties.

**16.    Expedited Schedule:**

The parties are actively pursuing resolution and are not prepared to address an expedited schedule at this time.

**17.    Scheduling:**

The parties have deferred scheduling issues during the efforts at early resolution.

**18.    Trial:**

Thompson Pacific requests a jury, should this matter proceed to trial.  NIC contends that Thompson Pacific has waived its right to a jury trial because it failed to make a demand for jury within ten (10) days after removal.  Thompson contends NIC has not suffered any detriment or prejudice by this jury demand and will move for relief, if necessary.

**19.    Disclosure of Non-party Interested Entities or Persons:**

Thompson Pacific has not yet filed the "Certification of Interested Parties or Persons" required by Civil Local Rule 3-16.  However, Thompson Pacific is unaware of any persons, firms, partnerships, corporations or other entities having a financial interest, or any other kind of interest, in the outcome of this proceeding other than plaintiff and defendant.  NIC filed its Certification of Interested Parties or Persons in conjunction with its Notice of Removal.

**20.    Other:**

Once NIC has completed its review of documents provided in late August or early September, as well as additional requested information, Thompson Pacific believes an additional mediation session may be helpful in resolution this matter.

1

2    DATED:  September 18, 2007          HINSHAW & CULBERTSON LLP

3

4
                                         By:
5                                             Robert J. Romero
6                                             Merle J. Panick
                                              Attorneys for Plaintiff
7                                             THOMPSON PACIFIC CONSTRUCTION

8

9    DATED:  September 18, 2007          BURNHAM & BROWN

10

11
                                         By:
12                                            Elizabeth Kim
                                              Attorney for Defendant
13                                            NIC Insurance Company

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         6