1  ROBERT J. ROMERO (SBN: 136539)
2  MERLE J. PANICK (SBN: 124731)
   HINSHAW & CULBERTSON LLP
3  One California Street
   18th Floor
4  San Francisco, CA 94111
   Telephone:    415-362-6000
5  Facsimile:    415-834-9070
   rromero@hinshawlaw.com
6  mpanick@hinshawlaw.com

7
   Attorneys for Plaintiff
8  THOMPSON PACIFIC CONSTRUCTION

9

10                  UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13
   THOMPSON PACIFIC CONSTRUCTION,     ) Case No:  C 07-02641 CRB
14 INC.                               )
                                      ) JOINT CASE MANAGEMENT
15           Plaintiff,               ) CONFERENCE STATEMENT
                                      )
16      vs.                           ) Date:   October 26, 2007
                                      ) Time:  8:30 a.m.
17 NAVIGATORS INSURANCE COMPANY;      ) Dept.: 6
18 and DOES 1 through 50, inclusive,  ) The Honorable Charles Breyer
                                      )
19           Defendants.              )
                                      )
20                                    ) Complaint Filed:     April 13, 2007

21

22      Plaintiff Thompson Pacific Construction, Inc. and defendant NIC Insurance

23 Company (incorrectly sued as Navigators Insurance Company) hereby submit this Joint

24 Case Management Conference Statement.  Thompson Pacific Construction initially filed

25 this insurance coverage lawsuit, pursuant to California Insurance Code section 11580, in

26 Alameda County Superior Court.

27      The parties voluntarily agreed to proceed with private mediation.  An all day

28 mediation took place on August 29, 2007 with Michael Timpane of Timpane ADR acting

                                    1
                 ────────────────────────────────────────

1  as private mediator.  A second session was held on October 11, 2007.  The matter has not

2  settled.

3       **1.    Jurisdiction and Service:**

4       NIC Insurance Company removed the action to this Court on the basis of diversity

5  jurisdiction.  The amount in controversy exceeds this Court's $75,000 minimum

6  jurisdictional requirement.  Counsel for NIC Insurance Company has accepted service.

7  There are no other parties in this action.

8       **2.    Brief Description of Claims and Defenses:**

9       This is an insurance coverage dispute which is proceeding under California

10  Insurance Code section 11580.  Defendant NIC Insurance Company insured Jim Bird

11  Construction, Inc., an underground pipeline subcontractor.  Thompson Pacific retained

12  Jim Bird to work on the Monterey trail project in Elk Grove, California.  The contract,

13  executed on April 1, 2002, called for installation of water lines, gas lines, fire water lines

14  and sewer lines.  Problems arose.  Jim Bird essentially abandoned its work.

15       Thompson Pacific sued Jim Bird in Sacramento County Superior Court.  The

16  settlement included a stipulation from NIC that Thompson Pacific could proceed against

17  it, pursuant to California Insurance Code section 11580, to recover the extent to which

18  the settlement may be covered by the NIC policy, if any.

19       After Jim Bird abandoned and in an attempt to put the work to its intended use,

20  Thompson Pacific discovered a multitude of problems, allegedly resulting in both repairs

21  to Jim Bird's poor work and third party property damage.  Because of the length of time

22  required to complete, Thompson Pacific also claims a significant loss of use claim.

23  Thompson Pacific has agreed that its recovery is limited, at most,  to the $1 million NIC

24  policy limits.

25       **3.    Legal Issues:**

26       The NIC policy is written on the standard ISO form CG001(7/98) which include

27  "products - - completed operations" coverage.  The policy includes the standard

28

2

1 definition of "property damage" as well as the standard property exclusions.  Thompson
2 Pacific recognizes that the NIC policy is not a performance bond for its insured's poor
3 work.  However, Thompson Pacific takes the position there is significant third party
4 property damage, including loss of use which is recoverable under the NIC policy.  NIC
5 disagrees, asserting a variety of coverage defenses, including the lack of covered property
6 damage, the application of the "your work" and/or "your product" exclusions, and
7 subsidence exclusion.

8     **4.    Motions:**

9     There are no pending or prior motions.    Summary judgment motions are
10 anticipated should the matter not resolve.

11     **5.    Amendment of Pleadings:**

12     No amendments are contemplated at this time.

13     **6.    Evidence Preservation:**

14     Thompson Pacific provided voluminous documentation in the underlying action.
15 Those materials are available for additional review along with additional documents
16 recently provided.  The parties do not contemplate use of e mails, etc. as the matter is
17 proceeding pursuant to stipulation, attached as an exhibit to the complaint.

18     **7.    Disclosures:**

19     The parties are in the process of preparing initial disclosures to be exchanged two
20 weeks from this hearing or November 9, 2007.

21     **8.    Discovery:**

22     There has not been any formal discovery to date.  Thompson Pacific has provided
23 back up documentation to support its damage claims.  Some further document
24 productions are contemplated.  Depositions of percipient witnesses and experts may be
25 undertaken.

26     **9.    Class Action:**

27     This is not a class action.

28

**10.    Related Cases:**

Judgment has been entered against Jim Bird, the NIC insured, in the underlying Sacramento County Superior Court liability lawsuit. There are no other pending related cases.

**11.    Relief:**

Thompson Pacific seeks damages up to the NIC $1,000,000 policy limits, as stipulated to by the parties. Thompson Pacific takes the position the damages are supported by Thompson Pacific's records and documents reflecting recoverable sums under the NIC policy issued to Jim Bird.

**12.    Settlement and ADR:**

As noted, the parties mediated this matter on August 29, 2007 and October 11, 2007.

**13.    Consent to Magistrate Judge For All Purposes:**

Thompson Pacific did not consent to a Magistrate Judge for all purposes and the matter was reassigned to this Court.

**14.    Other References:**

There are no other references anticipated at this time.

**15.    Narrowing of Issues:**

The dispute here is primarily the amount of recoverable damage. Should the matter proceed to trial, it may be possible to proceed on stipulated facts as set forth in the stipulation attached to the complaint and as may be further agreed by the parties.

**16.    Expedited Schedule:**

The parties are actively pursuing resolution and are not prepared to address an expedited schedule at this time.

**17.    Scheduling:**

The parties have deferred scheduling issues during the efforts at early resolution.

1    **18.    Trial:**

2    Thompson Pacific requests a jury, should this matter proceed to trial.  NIC

3   contends that Thompson Pacific has waived its right to a jury trial because it failed to

4   make a demand for jury within ten (10) days after removal.  Thompson contends NIC has

5   not suffered any detriment or prejudice by this jury demand and will move for relief, if

6   necessary.  Thompson Pacific believes its jury demand meets the requirements of FRCP

7   Rule 38(b).  If the Court disagrees, Thompson Pacific requests an opportunity for

8   additional written briefing.

9    **19.    Disclosure of Non-party Interested Entities or Persons:**

10    As the matter has not settled, Thompson Pacific is in the process of filing the

11   "Certification of Interested Parties or Persons" required by Civil Local Rule 3-16.

12   However, Thompson Pacific is unaware of any persons, firms, partnerships, corporations

13   or other entities having a financial interest, or any other kind of interest, in the outcome

14   of this proceeding other than plaintiff and defendant.  NIC filed its Certification of

15   Interested Parties or Persons in conjunction with its Notice of Removal.

16    **20.    Other:**

17    Not at this time.

18   DATED:  October 24, 2007                HINSHAW & CULBERTSON LLP

19

20                                          BY:   _____

21                                                Robert J. Romero
                                                  Merle J. Panick

22                                                Attorneys for Plaintiff
                                                  THOMPSON PACIFIC CONSTRUCTION

23   DATED:  October 24, 2007

24                                          BURNHAM & BROWN

25                                          By:   _____

26                                                Elizabeth Kim
                                                  Attorney for Defendant

27                                                NIC Insurance Company

28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT, CASE NO. C 07-02641 CRB
2964185v1 859141